UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARQUISE D. PONDER,**

          Plaintiff,

v.                                                          Case No: 6:25-cv-2435-AGM-NWH

**LT. T. GRIFFIN and J.C. SCHEIDT,**

          Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on initial review of Plaintiff's ("Complaint," doc. # 1). Plaintiff, proceeding pro se, initiated this case by filing the Complaint and seeks relief under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Central Florida Reception Center and has not paid the filing fee or moved to proceed in forma pauperis.

Plaintiff did not initiate this action using the required prisoner civil rights form. *See* M.D. Fla. R. 6.04(a)(3) (requiring that "[a] pro se person in custody must use the standard form . . . to file . . . a complaint, such as a 42 U.S.C. § 1983 complaint, that alleges a violation of the United States Constitution or other federal law by a governmental official."). As a result, the Complaint lacks essential information, including a detailed description of Plaintiff's litigation history, and is therefore subject to dismissal.

Moreover, the Complaint fails to comply with several provisions of the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 3, 8, 10, 11. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," including specific factual allegations against each named defendant. While Plaintiff broadly alleges violations of his constitutional rights, the Complaint does not satisfy the applicable standard. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

If Plaintiff chooses to file a civil rights complaint in this Court to address any alleged constitutional violations, he must submit a fully completed civil rights complaint form for cases filed by incarcerated individuals under 42 U.S.C. § 1983, and he must submit a copy of the form for each Defendant for service of process. The form requires a plaintiff to include detailed information regarding the defendant(s) a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests.

If Plaintiff desires to proceed in forma pauperis in this Court, he must submit a fully completed affidavit of indigency. The Clerk's Office shall send to Plaintiff the form for a civil rights complaint and the form for a motion to proceed in forma pauperis. If Plaintiff chooses to file a new case, he must complete and submit the appropriate forms. Plaintiff should not place this case number on the form(s), as the Clerk of the Court will assign a separate case number.

Consequently, this case will be dismissed without prejudice to allow Plaintiff to properly file a civil rights complaint and to either pay the appropriate filing fee or submit an affidavit of indigency to the Court.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. This case is **DISMISSED without prejudice**; and
2. The Clerk of the Court is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida, on December 29, 2025.

ANNE LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party